United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC CHAMBERS,<br>    Petitioner,<br>  v.<br>ROBERT HOREL, warden,<br>    Respondent.             / | No. C 08-3775 MHP (pr)<br>**ORDER** |

## INTRODUCTION

Cedric Chambers, an inmate at Pelican Bay State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Chambers reports in his petition that he was convicted in the Santa Clara County Superior Court of robbery, attempted robbery and making a criminal threat. He was sentenced on February 26, 2002 to a term of 28 years and four months in prison. Chambers appealed his conviction. The California Court of Appeal affirmed the conviction and the California Supreme Court denied his petition for review in 2003. Chambers filed unsuccessful petitions for writ of habeas corpus in the state courts in 2006-2007.

Chambers then filed this action, seeking a writ of habeas corpus. His petition has a signature date of August 3, 2008, came to the court in an envelope postmarked August 4, 2008, and was stamped "filed" on August 7, 2008.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. See id. § 2244(d)(2).

The petition in this action was filed more than a year after petitioner's conviction became final. The petition may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of

1  the Rules Governing Section 2254 Cases In The United States District Courts, respondent
2  must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform
3  the court that respondent is of the opinion that a motion to dismiss is unwarranted in this
4  case.

### CONCLUSION

Good cause appearing therefor,

1. The clerk shall serve by certified mail a copy of this order and the petition upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

2. Respondent must file with the court and serve upon petitioner, on or before **October 31, 2008**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

3. If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving it upon respondent on or before **December 5, 2008**.

4. Respondent may file and serve a reply on or before **December 19, 2008**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

6. Petitioner's in forma pauperis application is DENIED because he has sufficient funds to pay the $5.00 filing fee. (Docket # 2.) Petitioner must pay the $5.00 filing fee on or before **October 3, 2008,** or this action will be dismissed.

IT IS SO ORDERED.

DATED: August 25, 2008

Marilyn Hall Patel
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC CHAMBERS, | Case Number: CV08-03775 MHP |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| ROBERT HOREL et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 26, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cedric Chambers T-44984
CSP-Pelican Bay
P.O. Box 7500
Crescent City, CA 95532

Dated: August 26, 2008

Richard W. Wieking, Clerk
By: Anthony Bowser, Deputy Clerk