UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC CHAMBERS,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT HOREL, warden,<br><br>    Respondent.<br>                                    / | No. C 08-3775 MHP (pr)<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

Cedric Chambers, a prisoner currently in custody at the Pelican Bay State Prison - Solano, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the court for consideration is respondent's motion to dismiss the petition as untimely and petitioner's opposition thereto. The court finds that the petition was not timely filed and dismisses it.

**BACKGROUND**

Chambers was convicted in Santa Clara County Superior Court in 2002 of attempted robbery, robbery, and making terrorist threats, and sentence enhancement allegations were found true. He was sentenced to 28 years and four months in state prison. His conviction was affirmed by the California Court of Appeal. His petition for review in the California Supreme Court was denied on August 20, 2003.

Chambers filed several state habeas petitions. His petition in the Santa Clara County Superior Court was filed on an unstated date and denied on May 30, 2006. He filed two petitions in the California Court of Appeal. His petition in Sixth District Court of Appeal

Case No. H031033 was filed on December 28, 2006, and denied on January 12, 2007. His petition in Sixth District Court of Appeal Case No. H032032 was filed on September 10, 2007, and denied on October 10, 2007. His only habeas petition in the California Supreme Court was filed on December 3, 2007 and denied on June 11, 2008.

Chambers then filed this action. His petition has a signature date of August 3, 2008, came to the court in an envelope postmarked August 4, 2008, and was stamped "filed" on August 7, 2008. For purposes of the present motion, the court assumes that Chambers put the petition in the prison mail the day he signed it and uses that as the filing date under the prisoner mailbox rule. See generally Houston v. Lack, 487 U.S. 266, 276 (1988).

## DISCUSSION

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). For most petitioners the limitations period runs from the conclusion of "direct review," which includes the ninety-day period within which a petitioner may file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999); see Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review).

Chambers' one-year limitations period started on November 18, 2003, when his conviction became final 90 days after the denial of the petition for review. The presumptive deadline for Chambers to file his federal petition therefore was November 18, 2004. He missed that deadline by more than four years, so unless he is entitled to significant

tolling, his petition was very untimely.

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Chambers did file several petitions in state court, but not until 2006, long after the one-year limitations period had expired. Chambers therefore receives no statutory tolling for the state habeas petitions filed in 2006 and later. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

The limitations period also may be equitably tolled when the petitioner has been pursuing his rights diligently and extraordinary circumstances prevented him from timely filing the petition. See Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006). Chambers does not show that he is entitled to equitable tolling. In opposition to the motion to dismiss, he contends that he should receive equitable tolling because he is in a maximum security prison often on lockdown, no attorney was appointed for him, and has no competent help from inside or outside the prison. He has not described extraordinary circumstances but instead has described the situation confronted by most prisoners, especially those in high security housing. Chambers does not contend there was not a law library, and does not contend that he could not obtain legal materials from the library via a paging system. The fact that there was "no competent help" also does not show a basis for equitable tolling because Chambers has not shown that this prevented him from timely preparing and filing his own petition. The fact that counsel was not appointed for him also does not help him because the automatic right to counsel ends at the state appeal level, and Chambers was represented by counsel in his state court appeal. Having to prepare a habeas petition without the assistance of counsel is the norm, rather than an extraordinary circumstance. Chambers is not entitled to equitable tolling of the limitations period.

The limitations period expired on November 18, 2004. When Chambers filed his federal petition in August 2008, he was more than four years past the deadline for filing his

federal habeas petition to challenge that conviction. His petition must be dismissed as time-barred.

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 5.) The petition is dismissed because it was not timely filed. The clerk shall close the file.

IT IS SO ORDERED.

DATED: May 12, 2009

_____
Marilyn Hall Patel
United States District Judge